■    Jeanne Groner, Appellant-Respondent, v Angel Guardian Home et al., Respondents-Appellants.—In an action, *inter alia,* to recover damages

for breach of an employment contract predicated on alleged unlawful discrimination on account of age, the parties cross-appeal from stated portions of an order of the Supreme Court, Kings County, dated March 15, 1978, which determined defendants' motion to strike certain interrogatories, and defendants appeal from so much of a further order of the same court, dated May 15, 1978, as, upon plaintiff's motion for reargument as to certain of the interrogatories, modified the original determination. Appeal from so much of the order dated March 15, 1978 as was affected by the order granting reargument, dismissed, without costs or disbursements. That portion of the order was superseded by the order entered upon reargument. Orders dated March 15, 1978 and May 15, 1978 modified by adding thereto provisions: (1). That the memoranda and other information to be submitted in answer to Interrogatories No. 6, 14, 15, 16, 45 and 46, as limited, be redacted or otherwise edited to delete therefrom the names of any children or present or potential foster parents, together with any other identifying material, such as addresses, which may be contained therein; (2). That Interrogatory No. 45 and those specific subdivisions thereof which are still to be answered be further limited to promotions to district supervisor during the two years preceding the date of plaintiff's demotion; (3). That Interrogatory No. 46 and those specific subdivisions thereof which are still to be answered be further limited to senior social workers and district supervisors whose assignments have been changed during the two years preceding the date of plaintiff's demotion; (4). That Interrogatory No. 84 be limited to stating what percentage of the children serviced by the agency were committed to its care by nongovernmental private agencies; (5). That Interrogatory No. 101 be limited to apply only to such minutes, memoranda and draft proposals as may exist; (6). That Interrogatory No. 104 be further limited to apply only to those employees who have been demoted; and (7). That all of the disclosure to be had hereunder be kept in the strictest of confidence and not be divulged for any purposes unrelated to the instant lawsuit without the prior approval of Special Term, upon such notice as the Justice presiding thereat may direct. As so modified, orders affirmed insofar as appealed from, without costs or disbursements. Under the circumstances of the instant case, it is our opinion that the interests of justice and the mandate of section 372 of the Social Services Law require that the disclosure ordered by Special Term be further limited as indicated. The quantum of disclosure to be had herein is consistent, to the greatest extent possible, with both the policy of liberality embodied in CPLR article 31 and the policy of confidentiality incorporated into section 372 of the Social Services Law. Titone, J. P., Rabin, Gulotta and Cohalan, JJ., concur.